In the Matter of Gilbert E. DAVIS, Mary Ann Davis, Debtors.

**MUTUAL LOAN & SAVINGS COMPANY, Plaintiff,**

v.

**James R. WARREN, Trustee in Bankruptcy,**

**Mary Ann Davis, Gilbert E. Davis, Defendants.**

Bankruptcy No. 3–80–02507.
Adv. No. 3–80–0545.

United States Bankruptcy Court,
S. D. Ohio, W. D.

May 20, 1981.

Gerald L. Anderson, Mechanicsburg, Ohio, for plaintiff.

James R. Warren, Springfield, Ohio, trustee/defendant.

Paul D. Malina, Springfield, Ohio, for defendants.

## DECISION AND ORDER

CHARLES A. ANDERSON, Bankruptcy Judge.

This matter is before the Court for disposition of the plaintiff's complaint seeking vacation of the automatic stay effective pursuant to 11 United States Code § 362(a). The plaintiff requests the termination so as to proceed with the foreclosure and sale of the above defendants' real estate as ordered by the Court of Common Pleas of Clark County, Ohio on August 12, 1980. The debtors have not challenged the validity or propriety of the proposed foreclosure; however, the debtors have counterclaimed that, upon the plaintiff's foreclosure, they are entitled to an exemption of $5,000.00 each on the value of the real estate by virtue of Ohio Revised Code § 2329.66(A)(1).

The defendants filed their petition for relief under Chapter 7 of the Bankruptcy Code with this Court on August 15, 1980. Each claimed as exempt property a $5,000.00 interest in the value of their residence. As of the filing of their petition, the debtors resided at property known as 11518 State Route 56, Mechanicsburg, Ohio. According to decree of August 12, 1980, the Common Pleas Court of Clark County found the following liens existed on the debtors' residence in the order of priority as set forth below:

| | | |
|---|---|---|
| Ralph Stiers, Treasurer of Clark County | — $ | 792.97 |
| James M. Locke and Naomi L. Locke | — | 10,180.59 |
| Mutual Loan & Savings Company | — | 51,326.78 |
| Mechanicsburg Concrete, Inc. | — | 422.47 |
| Tanner–Robinson Lumber Company | — | 1,455.06 |
| Farmers Bank of Mechanicsburg | — | 1,696.72 |

The property was appraised at $60,000.00 in the state court foreclosure and the total of liens, costs, taxes and interest is in excess of $62,000.00.

The plaintiff filed its complaint for relief from the automatic stay on September 18, 1980, so as to proceed with the sale. As a counterclaim, the defendants allege they are entitled to a total of $10,000.00 as their exempt portion of the proceeds from the foreclosure and sale of their residence prior to the above plaintiff's second mortgage (junior to purchase money mortgage to the Locke's).

In their memorandum of law, the defendants contend that Ohio Revised Code § 2329.661(A)(2) and (3) support their position. Those sections provide as follows:

(A) Division (A)(1) of section 2329.66 of the Revised Code does not:

. . . . .

(2) Impair the lien, by mortgage or otherwise, of the vendor for the purchase money of real or personal property that the debtor or a dependent of the debtor uses as a residence, the lien of a mechanic or other person, under a statute of this state, for materials furnished or labor performed in the erection of a dwelling house on real property, or a lien for the payment of taxes due on real property;

(3) Affect or invalidate any mortgage on any real property, or any lien created by such a mortgage.

. . . . .

In referring to these sections, the defendants urge that because section (A)(2) makes specific reference to a vendor's purchase-money mortgage, the Ohio Legislature meant to give that class of creditors special treatment by providing that their liens cannot be impaired by the exemption in O.R.C. § 2329.66(A)(1). The defendants extrapolate that the Legislature did not intend to permit impairment of other types of mortgages, which are deferred to the exemptions.

We do not so interpret those sections. Instead we interpret the specific mention of vendors' liens, mechanics' liens, materialmen's liens and tax liens to be the Legislature's way of making sure these liens are given at least similar treatment to mortgage liens. Further, we find the legislative history regarding the federal exemptions (upon which the Ohio Statute was patterned) plainly sets forth the priority of exemptions viz-à-viz valid liens:

Under proposed 11 U.S.C. 541, all property of the debtor becomes property of the estate, but the debtor is permitted to exempt certain property from property of the estate under this section [section 522]. Property may be exempted even if it is subject to a lien, but only the unencumbered portion of the property is to be counted in computing the "value" of the property for the purposes of exemption. Thus, for example, a residence worth $30,000.00 with a mortgage of $25,000.00 will be exemptable to the extent of $5,000. This follows current law. The remaining value of the property will be dealt with in the bankruptcy case as is any interest in property that is subject to a lien.

.    .    .    .    .

... The bankruptcy discharge will not prevent enforcement of valid liens. H.R. Rep.No.95–595, 95th Cong., 1st Sess. 360–361 (1977), U.S.Code Cong. & Admin. News 1978, pp. 5787, 6316.

Clearly, the legislative history of 11 U.S.C. § 522 coupled with a comprehensive reading of O.R.C. § 2329.661(A) as a whole supports the general proposition that statutory exemption rights do not impair or affect in any way the operation of otherwise valid liens and mortgages.

Any other interpretation would raise serious constitutional questions upon impairment of contracts by state law, which are hereby rendered moot.

Accordingly, it is hereby *ORDERED, ADJUDGED AND DECREED* that the plaintiff herein is entitled to satisfaction of its mortgage next after satisfaction of the purchase money mortgage of James F. Locke and Naomi L. Locke and that the within defendants may exercise their exemption rights as set forth in O.R.C. § 2329.66(A)(1) only to the extent there is value in the unencumbered portion of the subject residence real estate.